IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Supragenix LLC,<br><br>                    Plaintiff,<br>v.<br><br>James Garrity, et al,<br><br>                    Defendant. | REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR CONTEMPT ORDER<br><br>Case No. 2:13-cv-142 CW BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned under 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters.[1] Pending before the Court is Plaintiff Supragenix's Motion for Contempt Order.[2] Plaintiff seeks an order as authorized by Federal Rule 37(b) imposing the following sanctions:

a. Prohibiting Defendants from supporting any of their Affirmative Defenses or contentions to which a related request for discovery was made by Plaintiff;
b. Prohibiting Defendants from opposing any of Plaintiff's claims to which a related request for discovery was made by Plaintiff;
c. Directing that any facts to which a related request for discovery was made by Plaintiff be taken as established for purposes of this action as Plaintiff claims in Plaintiff's Amended Complaint;
d. Rendering a default judgment against Defendants;
e. Ordering Defendants to pay the reasonable expenses, including attorney's fees, caused by their failure to comply; and
f. Granting all other sanctions and/or relief the Court deems proper.[3]

Based upon the history of this case, Defendants failures to comply with multiple Court orders and to cooperate in discovery, the undersigned recommends that dispositive sanctions be entered.

---

[1] Docket no. 12.

[2] Docket no. 28. Although titled differently, this is Plaintiffs second motion for contempt in this case. *See* Motion for Contempt, docket no. 19.

[3] Mtn p. 3.

BACKGROUND

On December 16, 2014 Plaintiff Supragenix filed a Motion to Compel responses to its first set of requests for production and first set of interrogatories.[4] On January 29, 2015, the Court issued an order granting the Motion to Compel and Denying Without Prejudice Defendants' Motion to Withdraw.  Defendants were ordered to provide responses within thirty (30) days.[5]  Supragenix did not receive the ordered responses.  Supragenix's counsel attempted to contact Defendants' counsel, Randy Birch, but received no response.  Finally, after receiving no response, Supragenix filed a Motion for Contempt on March 6, 2015.

Defendants filed no opposition to Plaintiff's Motion for Contempt.  On June 1, 2015, the Court entered an Order to Show Cause directing a response to the motion otherwise the Court would grant it.  Defendant Mr. James Garrity filed a response stating that he had tried to contact his attorney but received no response.[6]  Mr. Garrity was concerned about a default being entered against him and asked for additional time to either contact his attorney Mr. Birch or hire another attorney.  The Court granted Mr. Garrity's request and entered an order on July 6, 2015, giving Mr. Garrity twenty-five (25) days to either contact his current counsel or have new counsel enter an appearance on the record.[7]  That deadline passed and on August 27, 2015, the Court entered an order granting in part Plaintiff's Motion for Contempt.[8]  In that order the Court specifically warned Defendants "that further failures to comply with orders or participate in discovery will result in the imposition of harsher sanctions including the possibility of default."[9]

---

[4] Docket no. 16.

[5] Docket no. 18.

[6] Docket no. 21.

[7] Docket no. 22.

[8] Docket no. 23.

[9] Order Granting in Part Motion for Contempt, p. 2, docket no. 23.

Approximately one week later the Court entered an order awarding Plaintiff $2,890 in fees as a sanction against Defendants.[10]  On October, 19, 2015, Plaintiff filed the instant motion noting that the fees have not been paid and the ordered discovery has not been produced by the respective required deadlines.  After counsel contacted Defendants' counsel by telephone, Defendants' counsel reported that attempts to contact his clients have been unsuccessful.[11]

Finally, on November 16, 2015, the Court again entered an Order to Show Cause requiring Defendants to respond to the instant Motion for Contempt by December 1, 2015, or face sanctions including the entry of default.  To date there has not been a response to the Court's Order to Show Cause or any opposition filed to the Motion for Contempt.

## DISCUSSION

As noted previously by the Court, Rule 37 of the Federal Rules of Civil Procedure permits a court to impose a number of sanctions for a party's failure to comply with a court's discovery orders.  Such sanctions include, but are not limited to:

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv)  staying further proceedings until the order is obeyed;
(v)   dismissing the action or proceeding in whole or in part;
(vi)  rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court, the failure to obey any order except an order to submit to a physical or mental examination.[12]

The Court has discretion to impose any such sanction that is "just and related to the particular claim which was at issue in the order to provide discovery."[13]  But, the Court's

---

[10] Order Awarding Fees, docket no. 25.

[11] Mtn. p. 2.

[12] Fed. R. Civ. P. 37(b)(2)(A).

discretion "'is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery.'"[14]

In general, before imposing severe sanctions such as striking a parties' answer or dismissing a case, courts should consider the *Ehrenhaus* factors.  The Tenth Circuit set forth these factors in affirming a district court's decision to dismiss a complaint with prejudice as a sanction for violating a discovery order.  While not establishing a "rigid test,"[15] the following factors should be considered and applied: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[16]  These factors are not exhaustive, nor are the factors necessarily of equal weight.[17]  "<u>Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction</u>."[18]  Because of this strong preference, the Tenth Circuit has held that a "dismissal or default sanctions order should be predicated on '"willfulness, bad faith, or [some] fault"' rather than just a simple '"inability to comply."'"[19]

As noted by the Tenth Circuit in *Ehrenhaus*, it is proper for a court to attempt the efficacy of lesser sanctions before entering severe sanctions like those sought by Supragenix in its second

---

[13] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[14] *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (quoting *Ehrenhaus*, 965 F.2d at 920).

[15] *Ehrenhaus*, 965 F.2d at 921.

[16] *See id.*; *see also Procter & Gamble Co.*, 427 F.3d at 738; *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002).

[17] *See Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005).

[18] *Ehrenhaus*, 965 F.2d at 921 (internal quotation marks omitted) (emphasis added).

[19] *Lee v. Max International, LLC.*, 638 F.2d 1318, 1321 (10th Cir. 2011) (alteration in original) (quoting *Archibeque v. Atchison Topeka & Santa Fe Ry.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (quoting *Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640 (1976)).

motion for contempt.  The Court has tried the efficacy of lessor sanctions via its prior order granting in part Supragenix's first motion for contempt.  That effort failed.

In addition, the undersigned finds the *Ehrenhaus* factors favor the imposition of severe sanctions.  First, Supragenix has suffered prejudice by Defendants repeated failures to participate in this litigation.  Second, the undersigned finds that Defendants actions have interfered with the judicial process leading to the entry of multiple orders including orders to show cause.  Third, it now appears that Defendants are not responding to contact from their counsel.  It is concerning to the undersigned, however, that the record also indicates Defendants' counsel has at times been unresponsive.  This lack of responsiveness on the part of Defendants' counsel may necessitate the imposition of monetary sanctions not only against Defendants but also against their counsel, Mr. Birch, to help prevent a similar situation from arising in the future.  Next, the Court has warned Defendants that more severe sanctions would result if their noncompliance continued.  And fifth, as noted above, lessor sanctions have proven ineffective.

In short, Defendants have repeatedly failed to abide by Court orders, have been unresponsive to discovery requests and have failed to oppose multiple motions filed by Plaintiff.  Accordingly the undersigned finds that more severe sanctions are warranted at this time.

## RECOMMENDATION

Based upon Defendants repeated failures to comply with Court orders and as set forth in *Ehrenhaus*, the undersigned RECOMMENDS that Plaintiff's Motion for Contempt Order be GRANTED to include dispositive sanctions.[20]

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Within fourteen days after being served with a copy, any party

---

[20] This case is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters.  Because Plaintiffs motion seeks dispositive sanctions the undersigned enters a report and recommendation leaving it to the district court to decide the proper dispositive sanction(s).

may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18 December 2015.

Brooke C. Wells
United States Magistrate Judge