IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SUPRAGENIX LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAMES GARRITY, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:13-CV-142<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

This matter comes before the court on Plaintiff's motion for entry of default judgment. (Dkt. No. 32). In that motion, Plaintiff seeks, among other relief, judgment that it "recover from the Defendants James Garrity and/or Tech R/X, LLC in the amount of one hundred fifty thousand dollars ($150,000), plus post judgment interest pursuant to 28 U.S.C. 1961 as statutory damages for willful copyright infringement by Defendants of Plaintiff's copyrighted Works." (Dkt. No. 32-1, p. 2).

In response to Plaintiff's motion, the court ordered supplemental briefing as to the issue of statutory damages. Specifically, the court requested that Plaintiff address the court's ability to award statutory damages in the amount of $150,000 where a plaintiff is entitled to default judgment as a sanction for discovery abuses but there has been no finding of willful infringement. (Dkt. No. 33). Plaintiff submitted a supplemental brief in which it contends it has established willful infringement because the facts alleged in the Amended Complaint (Dkt. No. 5) should be deemed admitted and the court should deem as established any facts for which discovery—in the form of interrogatories and requests for production of documents—was sought and to which Defendants did not respond. (Dkt. No. 34). The court is not persuaded.

First, the court is not convinced that it must take the facts in the Amended Complaint as true in this case. Here, the court has determined that Plaintiff is entitled default judgment as a sanction for a discovery abuses, not for Defendant's failure to answer the Amended Complaint. *Cf.* Fed. R. Civ. P. 8(b)(6) ("*An allegation*—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." (emphasis added)).[1] To the contrary, Defendants answered the Amended Complaint and specifically denied any allegations that they infringed on Plaintiff's copyright, willfully or otherwise. (Dkt. No. 10). Significantly, Plaintiff cites no persuasive authority in support of its argument that it would be appropriate to treat its allegations as deemed admitted under these circumstances. *Cf. Salba Corp. v. X Factor Holdings, LLC*, No. 12-CV-01306-REB-KLM, 2015 WL 5676690, at *2 (D. Colo. Sept. 28, 2015) (citing Rule 8, not Rule 37, in deeming as admitted allegations in a complaint). Plaintiff's failure to cite persuasive authority supporting its position "suggests either that there is no authority to sustain its position or that it expects the court to do its research." *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970).[2]

Second, the court does not find a sufficient basis to make a finding of willfulness when it considers the potential evidence that would have been within the scope of Plaintiff's discovery requests. To the contrary, Plaintiffs do not cite any designated facts regarding willfulness that the court should take as established, nor do they present any specific arguments or evidence that Defendants should be precluded from offering because of their failure to participate in discovery. *See* Fed. R. Civ. P. 37(b)(2)(A)(i),(ii) (providing that as a sanction for failure to obey a discovery

---

[1] A court may strike an answer as a sanction, *see* Fed. R. Civ. P. 37(b)(2)(A)(iii), potentially permitting the court to then accept a plaintiff's well-pleaded allegations as true under Rule 8(b)(6). But Plaintiff has not requested the court strike Defendants' Answer. Thus, the court finds that Rule 8(b)(6) is inapplicable.

[2] The court notes that although Plaintiff argues that the Amended Complaint sets forth facts sufficient to enter a finding of multiple instances of willful infringement, it fails to identify any specific allegations in the Amended Complaint. (*See* Dkt. No. 34). The court is under no obligation to comb through the Amended Complaint to find the facts necessary to support Plaintiff's position regarding willfulness.

order, the court may "direct that the matters embraced in *the order* or other *designated facts* be taken as established for purposes of the action, as the prevailing party claims" or "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" (emphasis added)). And Plaintiff's discovery requests are not sufficiently targeted at evidence that would permit the court to make a finding of willfulness, even if the court treats as established those facts that would fall within their scope.

For instance, Plaintiff's interrogatories ask for disclosure of the identities of individuals who have been involved in the creation of, or have ownership interest in, the allegedly infringing products and websites (Interrogatories Nos. 1–4, 6), Defendants' monthly sales (Interrogatory No. 5), the basis for Defendant's affirmative defenses (Interrogatory No. 7), and the identities of the persons who assisted in the preparation of the interrogatory responses (Interrogatory No. 8). (Dkt. No. 16-2). The court fails to see how any information related to these requests would be probative evidence of willfulness.[3] Plaintiff's requests for production are similarly insufficient. For example, Plaintiff broadly requests "documents and things" that support Defendants' contention that they do not infringe on Plaintiff's copyrights (Request for Production No. 1), all documents related to any opinion of counsel related to possible copyright infringement (Request for Production No. 18), all advertisements or marketing plans of the allegedly infringing product and the identities of individuals involved in its advertisement or marketing (Request for Production Nos. 20–21, 32), and documentation relating to various allegedly infringing websites (Request for Production Nos. 22, 36–39). (Dkt. No. 16-3). There is nothing to suggest responses to these requests would have revealed evidence of willfulness. Indeed, beyond providing a string

---

[3] The court is puzzled by Plaintiff's citation to Interrogatory No. 9 in support of its argument that Defendants acted willfully. (*See* Dkt. No. 34, p. 3 ("Plaintiff's discovery requests included requests specifically related to the multiple instances of copyright infringement by Defendants, including Interrogatory No. 9 (Docket No. 16, Attachment 2).")). The court has reviewed Dkt. No. 16-2, which does not contain an Interrogatory No. 9. It contains only Interrogatories Nos. 1 through 8 identified above. As explained, these interrogatories do not support a finding of willful infringement.

citation to these requests for production, Plaintiff does not explain how any of these requests are relevant to this issue.

For these reasons, the court finds that Plaintiff has not met its burden to show willful infringement. Accordingly, the court declines to award Plaintiff $150,000 in statutory damages. *See* 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."). Should Plaintiff wish to pursue actual damages or other damages as proscribed by statute, *see* § 504(a)–(b), (c)(1), the court remains receptive to an evidentiary submission supporting such a damage award.

Unless the court receives, **within 14 days** of the entry of this order, additional evidentiary materials providing a sufficient factual basis for an amount of damages to be entered, the court will enter the Proposed Default Judgment and Permanent Injunction (Dkt. No. 32-1) as submitted, but excluding paragraph D. The Default Judgment will include an award of attorney fees in the amount of $22,940.

SO ORDERED this 23rd of March, 2016.

> BY THE COURT:
>
> _____
> Clark Waddoups
> United States District Court Judge